Ariadne Panagopoulou (AP-2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Juan Carlos Pino, *on behalf of himself and others similarly situated,* <br><br> *Plaintiff*, <br><br> -v- <br><br> P&M Live Poultry Inc., Mike Lee, Tsuan Ching Lee, and Peter Doe, *jointly and severally*, <br><br> *Defendant.* | Civil Case No.: <br><br> **FLSA COLLECTIVE ACTION** <br><br> **COMPLAINT** |

## NATURE OF THE ACTION

1. Plaintiff, Juan Carlos Pino ("Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, on behalf of himself and others similarly situated, in order to remedy Defendants' wrongful withholding of Plaintiff's overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, as well as the supporting New York State Department of Labor Regulations for violations of overtime wages, and notice and wage statement requirements. Finally, Plaintiff brings a claim under NYLL, Article 20-C § 740 for retaliatory personnel action by Defendants.

## SUMMARY

2. Plaintiff was employed by Defendants, P&M Live Poultry Inc., Mike Lee, Tsuan Ching Lee, and Peter Doe (collectively "Defendants"), as a butcher from August 19, 2016 to December 15, 2016.

3. During his employment with the Defendants, Plaintiff worked for six days per week and was being compensated at a fixed rate of Seventy Five Dollars ($75.00) each day irrespective of the number of hours worked. Plaintiff worked for approximately fifty-four (54) hours per week.

4. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

5. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

6. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of himself and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

7. Further, Plaintiff was asked to quit his job in retaliation after he complained to the police of an incident on December 14, 2016, wherein another employee of the Defendants, attempted to injure the Plaintiff with a knife.

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

8. This Court has original subject matter jurisdiction over this action under 28

U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

9. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

10. Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b)(1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**THE PARTIES**
**(Plaintiff)**

**Juan Carlos Pino**

11. Plaintiff Juan Carlos Pino ("Plaintiff") is an adult individual residing in the state of New York, County of Queens.

12. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL §§ 190 and 740(1)(a).

13. Plaintiff was employed as a butcher for the Defendants at their store located at 131-62 Avery Ave, Flushing, New York 11355.

14. Plaintiff was employed by the Defendants from August 19, 2016 to December 15, 2016.

15. Plaintiff's duties included, but were not limited to: slaughtering and boiling chickens, turkeys, pigeons, ducks, rabbits; removing the feathers by hand; and using and operating machinery designed to prepare animals for consumption. Plaintiff performed these duties under the direction and control of the Defendants collectively.

16. During his period of employment with the Defendants, Plaintiff was scheduled to work from 8 a.m. to 5.30 p.m. for six (6) days each week. He took a lunch break for half an hour each day. Friday was his day off. Accordingly, Plaintiff worked for approximately fifty-four (54) hours per week.

17. Plaintiff was compensated at a fixed rate of Seventy Five Dollars ($75) per day, regardless of the number of hours he worked. Plaintiff was always paid in cash each Sunday of the week.

18. Plaintiff's hourly rate of pay considering the number of hours worked, came down to Eight and 33/100 Dollars ($8.33) which was less than New York state's minimum wage at the relevant time period complained.

19. Defendants repeatedly suffered or permitted Plaintiff to work over forty (40) hours per week without paying him the appropriate premium overtime pay of one and one-half times the statutory minimum wage.

20. During the period of his employment, Plaintiff complained to the Defendants several times regarding his pay, however, Defendants failed to take any action or provide any recourse in response to such complaints.

21. Plaintiff was never provided with wage statements detailing, inter alia, dates worked, money received, and the employer's details at any point during the time of his employment with Defendants.

22. Plaintiff was not provided with a notice containing, inter alia, the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

23. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

24. Throughout the duration of his employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

25. During the period of his employment with the Defendants, Plaintiff regularly handled goods in interstate commerce, such as, meat, tools, and machinery, imported from outside the state of New York.

26. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216 (b).

27. Through discussions in the workplace, Plaintiff became aware of other employees who were not paid wages at an overtime rate for all their hours worked above forty (40) hours per week.

28. On December 14, 2016, while Plaintiff was working for Defendants, Plaintiff and another employee of the Defendants, Ms. Aura Cruz, got into a verbal dispute while they were retrieving corn to feed the animals. Ms. Cruz then picked up a knife and charged at the Plaintiff. As a result, Plaintiff was in fear of serious injury.

29. This incident occurred while both Plaintiff and the other employee were acting within the course and scope of their employment.

30. The highly dangerous, abusive, and life-threatening behavior of the company's employee posed a substantial and specific danger not only to the Plaintiff, but also to the five (5) other employees of the Defendants who were witnesses to the incident, as well as to the general public that was in close vicinity of the store.

31. Plaintiff informed Defendants of the incident immediately after it occurred on December 14, 2016 and afforded them a reasonable opportunity to correct the situation by the disciplining the employee at issue. Since, no action was taken by the Defendants, Plaintiff called the police, and Aura Cruz was promptly arrested. *See* **Exhibit A** for a true and accurate copy of the accusatory instrument dated December 15, 2016 signed by the investigating officer.

32. On December 16, 2016, Defendant Mike Lee, upon consultation with the other Individual Defendants, retaliated against the Plaintiff and fired him.

33. Upon information and belief, Ms. Cruz is still employed by the Defendants.

**Defendants**

34. At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to Plaintiff's and other employees' remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. §791.2. Factors indicating joint employment include:

   a. Defendants all suffered or permitted Plaintiff to work.
   b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.
   c. Defendants each have economic interest in the location in which Plaintiff and similarly situated employees worked.

    d. Defendants all simultaneously benefitted from Plaintiff's work.

    e. Defendants each had either functional and/or formal control over the terms and conditions of the work of the Plaintiff and similarly situated employees.

    f. Plaintiff and similarly situated employees performed work integral to the Defendants' operation.

35. In the alternative, all Defendants functioned together as a single integrated employer of the Plaintiff within the meaning of the FLSA and NYLL.

### (Corporate Defendant)

**<u>P&M Live Poultry Inc.</u>**

36. P&M Live Poultry Inc. is a domestic business corporation formed on March 28, 2003, organized and existing under the laws of the State of New York.

37. P&M Live Poultry Inc. is a livestock and meat processing company located at 131-62 Avery Avenue, Flushing, New York 11355.

38. At all relevant times, P&M Live Poultry Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

39. P&M Live Poultry Inc., operates seven (7) days of the week and employs at least five (5) full-time employees.

40. At all relevant times, P&M Live Poultry Inc. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

41. At all relevant times, P&M Live Poultry Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling meat, tools, and machinery, produced or manufactured outside the state of New

York and imported in New York.

42. Upon information and belief, at all relevant times, P&M Live Poultry Inc.'s annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**(Individual Defendants)**

**Mike Lee**

43. Upon information and belief, at all relevant times, Mike Lee, ("Mike") was, at the time of Plaintiff's employment, owner, principal, authorized operator, manager, shareholder, and/or agent of Corporate Defendant.

44. At all relevant times throughout Plaintiff's employment, Mike had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; reprimanding employees if they did not perform their duties adequately; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

45. Specifically, Mike fired Plaintiff in retaliation of making a complaint to the Police in December 2016.

46. At all relevant times throughout Plaintiff's employment, Mike was actively involved in the day-to-day operations of the Corporate Defendant.

47. At all relevant times throughout Plaintiff's employment, Mike was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein as well as the retaliation

8

claims, pursuant to 29 U.S.C. § 203(d) and NYLL §740.

**Tsuan Ching Lee**

48. Upon information and belief, at all relevant times, Tsuan Ching Lee, ("Tsuan") was, at the time of Plaintiff's employment, owner, principal, authorized operator, manager, shareholder, and/or agent of Corporate Defendant.

49. At all relevant times throughout Plaintiff's employment, Tsuan had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; reprimanding employees if they did not perform their duties adequately; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

50. Upon information and belief, Mike consulted with Tsuan prior to retaliating against the Plaintiff.

51. At all relevant times throughout Plaintiff's employment, Tsuan was actively involved in the day-to-day operations of the Corporate Defendant.

52. At all relevant times throughout Plaintiff's employment, Tsuan was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein as well as the retaliation claims, pursuant to 29 U.S.C. § 203(d) and NYLL §740.

**Peter Doe**

53. Upon information and belief, at all relevant times, Peter Doe, ("Peter") was, at the time of Plaintiff's employment, owner, principal, authorized operator, manager, and/or

agent of Corporate Defendant.

54. At all relevant times throughout Plaintiff's employment, Peter had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; reprimanding employees if they did not perform their duties adequately; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

55. At all relevant times throughout Plaintiff's employment, Peter had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

56. At all relevant times throughout Plaintiff's employment, Peter was actively involved in the day-to-day operations of the Corporate Defendant.

57. At all relevant times throughout Plaintiff's employment, Peter was actively involved in the day-to-day operations of the Corporate Defendant.

58. At all relevant times throughout Plaintiff's employment, Peter was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein as well as the retaliation claims, pursuant to 29 U.S.C. § 203(d) and NYLL §740.

## COLLECTIVE ACTION ALLEGATIONS

59. Pursuant to 29 U.S.C. §§ 203, 207 and 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since April 11, 2014, and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members") for the Defendants.

60. A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay overtime premiums for work performed in excess of forty (40) hours each week.

61. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

62. The claims of Plaintiff stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

**Fair Labor Standards Act – Unpaid Overtime Wages**

63. Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

64. At all relevant times, Plaintiff and the Collective Action Members, were employees employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

65. At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(s)(1) and 207.

66. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

67. Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

68. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

69. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

70. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

71. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

72. Because Defendants' violations of the FLSA have been willful, a three-year

statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants have engaged in widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

75. At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

76. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

77. Defendants have failed to pay Plaintiff proper overtime to which he was entitled to at a wage rate of one and one-half times the employee's regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R.§ 142-2.2.

78. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have willfully violated the NYLL §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

79. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

80. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142-2.8, further evincing Defendants' lack of good faith.

81. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## **THIRD CAUSE OF ACTION**

**New York Labor Law– Failure to Provide Notice at the Time of Hiring or at Any Time Thereafter**

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants have failed to provide Plaintiff, at the time of hiring or at any time thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

84. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty Dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendant has failed to provide Plaintiff with wage statements listing his rate of pay; the period covered; gross wages; deductions; net wages; overtime pay; and anything otherwise required by law, in violation of NYLL § 195(3).

87. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per work day that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## FIFTH CAUSE OF ACTION

### New York Labor Law– Retaliatory Action by Employers

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. At all relevant times, Plaintiff was an employee of Defendants and Defendants were employers of Plaintiff within the meaning of NYLL , Article 20-C § 740.

90. Through the doctrine of respondeat superior, Defendants are vicariously liable for an employee's tortious acts when they are made during the course and scope of their employment.

91. In addition, Defendants may be held liable for negligent hiring, supervision, and retention of an employee.

92. Following the incident experienced by Plaintiff on December 14, 2016, after

informing the Defendants of the actions of Ms. Cruz, and affording them sufficient opportunity to correct the situation, Plaintiff called the police and disclosed to them the Defendants' and their employee's illegal behavior which constituted a substantial danger not only to the health and safety of Plaintiff, but to those other workers and any members of the general public within close vicinity.

93. As a result, Defendants retaliated against the Plaintiff and Defendant Mike discharged him on December 16, 2016 for disclosing to the Police the above illegal activities of Defendants in violation of NYLL Article 20-C § 740(2)(a).

94. Due to Defendants' violations, Plaintiff is entitled to recover statutory damages from Defendants for lost wages, benefits and other remuneration and for reasonable costs, disbursements, and attorney's fees, pursuant to NYLL § 740(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. An order tolling the statute of limitations;

C. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 20-C, §§ 740 *et seq.* and the supporting New York State Department of Labor Regulations;

D. Unpaid overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E. Unpaid overtime wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

F. Compensation for lost wages, benefits and other remuneration arising out of Defendants' retaliatory action against Plaintiff pursuant to NYLL § 740(5)(d).

G. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

H. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

I. An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

J. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

K. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

L. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

M. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

N. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198, 663(1) and 740(5)(e);

O. Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
April 11, 2017

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**

By:    /s/Ariadne Panagopoulou
Ariadne Panagopoulou (AP-2202)
*Attorneys for the Plaintiff*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email: ari@pnlawyers.com

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party plaintiff in a lawsuit against P&M Live Poultry Inc., and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 3 / 13 / ~~2016~~ 2017

x _Juan Carlos Pino_
**Signature**

_Juan Carlos Pino_
**Print**

91-26 120 st richmond hills
zipcode 11418
**Address**

347.806.9005
**Telephone**